## Quick View: -- Urgent and Compelling Circumstances

**D& F Must Address:**

Why override is urgent and compelling

criticality of item/service

impact on National Security / Defense

direct support of the Global War On Terror (GWOT)

necessity of continued performance

Why a "particular" contractor is essential

special/technical skills

cost considerations/savings

scope/nature of work/item

other special considerations

Why extending contract / award of bridge contract is *NOT* appropriate

Harm the Government will incur w/o override

why Agency cannot wait 100 days for a GAO decision

Likelihood of Protester prevailing

**Procedure for Override Request**

Contracting Officer prepares detailed D&F (with supporting documentation, as appropriate)

Coordinate D&F with legal counsel, who prepares legal memo

Submit D&F to HCA for endorsement of override request

Forward override request package to HQDA (Attn: ASAALT) for staffing

ASAALT review/action and DASA(P) approval

## Quick View: -- Best Interests of the United States

### D&F Must Consider:

Why is continued performance in the best interests of the United States.

May include urgent and compelling circumstances / Mission critical reasons

Cost / time savings, impact on operations / programs, other reasons

Why a "particular" contractor is essential.

special/technical skills

cost considerations/savings

scope/nature of work/item

other special considerations

Why extending contract / award of bridge contract is *NOT* appropriate

Harm Government will incur w/o override

why Agency cannot wait 100 days for a GAO decision

what interests of the United States would be harmed

Likelihood of Protester prevailing

**REMEMBER** REQUIREMENT FOR SPECIFIC FINDINGS OF BEST INTEREST.

### Procedure for Override Request

Contracting Officer prepares detailed D&F (with supporting documentation, as appropriate)

Coordinate D&F with legal counsel, who prepares legal memo

Submit D&F to HCA for endorsement of override request

Override request package to HQDA (Attn: ASAALT) for staffing

ASAALT review/action and DASA(P) approval

## Preparing the Agency Override:

There are several critical documents that record the Agency's decision to override the CICA Stay. These are the essential documentation that the Court will review in any challenge to the Agency override decision. Three such documents are noted below.

First – the contracting officer's Determination and Findings, (either signed by the HCA, or signed by the contracting officer and endorsed and adopted by the HCA), and supporting attachments.

Second – the legal review memorandum prepared by the contracting officer's servicing legal office, and any supporting documentation. This is not typically reviewed by the Court but is often included with the documents when submitted for approval.

Third - the HCA's request for approval to proceed in the face of the CICA Stay.

### DIFFERENT APPROACHES TO THE DOCUMENTATION:

(1) One approach is to have the contracting officer prepare and sign the D&F and then have the HCA co-sign or endorse the D&F. The HCA then submits a separate request for override approval, citing or otherwise incorporating the D&F by reference.

(2) Another approach is for the contracting officer and the HCA to sign two separate D&Fs, with the HCA's D&F more sharply focused on the basis of the override and the harm suffered if the override is not approved. The HCA would still sign a request for approval.

(3) Yet another approach is for the contracting officer to prepare the D&F that the HCA will sign, with detailed supporting attachments/affidavits from the contracting officer. The HCA would still sign a request for approval.

Whichever method used by the practitioner, it must be logically organized and sharply focused on the bases that justify and support the Agency decision. The contracting officer is generally in the best position to know the critical facts and circumstances of the contract and protest, and usually best suited to testify at any subsequent court challenge to the override decision.

**Regulatory Guidance:**
AFARS § 5133.104 states that the contracting officer shall prepare a D&F to be signed by the HCA and that such D&F shall clearly explain the damage/harm to the United States if the award is not allowed to proceed in the face of the Stay, or in cases of a post-award override, the harm if authorized continued performance is not approved.

## I. Sample Outline of Contracting Officer's/HCA's D&F –

**DETERMINATION AND FINDINGS**

REQUEST FOR AUTHORITY TO PROCEED NOTWITHSTANDING PROTEST
XXX INC, B-29xxxx

Upon the basis of the following findings, I, [________], [Contracting Officer, /HCA], [organization], have determined that performance of the contract for [------] in support of [requiring activity or command] should be authorized to proceed in the face of a Government Accountability Office *(GAO)* protest (B-29xxxx) filed by [protester].

**Purpose:** To state the basis for requesting and to request an override of the CICA Stay of performance caused by [protester's] protest against the award of Contract [contract number], which was issued by the [Army Contracting office], to awardee in support of the [requiring activity or command]

**Acquisition Background**:

a. **Originator of the Requirement:**

b. **The Requirement:**

**Protest Issues/Analysis:** The protest rests on x allegations:

a. Allegation 1: Improper price evaluation.

Agency Response & Expected Resolution:

b. Allegation 2: Lack of meaningful discussions.

Agency Response & Expected Resolution:

**Legal Coordination**: In making my determination, I have considered the advice of the Chief Trial Attorney, Army Contract Appeals Division, regarding the merits of the protest that triggered the CICA Stay. In his opinion, based upon his review of the Agency Report and the protest, the Army's position vis-a-vis the protester's appears to be defensible. Even if GAO were to sustain the protest, however, the interests at risk from delay are so great that they overcome the risks to the Agency of an adverse ruling by the GAO. (*Note: inclusion of this paragraph requires actual coordination with Contract Appeals Division*)

**Existing Contract and Protest:**

This is a new requirement for a supply item, so there is no incumbent contractor. Extending an existing contract is not a possibility. [In cases of an incumbent discuss the issue of extending the incumbent's contract].

[Discuss the solicitation and selection/award process. Include whatever chart or table may be helpful or refer to attached supporting documents that explain Agency actions. Include noting the effective date of the Stay.]

Sample Table 1. **TECHNICAL/MANAGEMENT SUBFACTORS**

| | **1. EXPERIENCE** | **2. INTEGRATED TECH./MGT.** | **3. DESIGN** | **4. RISK ASSESS.** | **5. KEY PERSONNEL** |
|---|---|---|---|---|---|
| **Bidder 1** | **BLUE** | **BLUE** | **YELLOW** | **BLUE** | **BLUE** |
| **Bidder 2** | **GREEN** | **GREEN** | **GREEN** | **GREEN** | **BLUE** |

**Basis for the Stay:** (Post-Award example)

**Urgent and Compelling circumstances that significantly affect the interests of the United States that will not permit waiting for the GAO decision on the merits of the protest.** (Note added requirement of likely award within 30 days if in a pre-award situation).

Discuss why the override is urgent and compelling, e.g., criticality of item/service, or necessity of continued Performance. Note especially if this is a mission critical procurement.

Discuss why a "particular" contractor is essential, e.g., special/technical skills; cost considerations/savings; scope/nature of work/item; or other special considerations

Discuss why extending incumbent is NOT in the best interests of the United States, and the harm Government will incur w/o the Override.

Discuss why the Agency cannot wait 100 days for a decision on the merits of the protest, and the likelihood of protester prevailing.

**Basis for the Stay:** (Post-Award example)

**Continued performance is in the Best Interests of the United States.**

Discuss why continued performance is in the best interests of the U.S.; either based on urgent and compelling circumstances like mission essential reasons, or other reasons.

Discuss why a "particular" contractor is essential. How/why U.S. interests would be harmed if the proposed contractor were not allowed to continue performance. Relate any special/technical skills; cost considerations or significant savings; scope/nature of work/item; or other special considerations. Note especially if this is a mission critical procurement.

Discuss why extending incumbent is Not in the best interests of the United States.

Discuss the harm Government will incur w/o override, e.g., why the Agency cannot wait 100 days for a decision on the merits of the protest, and why U.S. interests would be harmed.

Also, discuss the likelihood of protester prevailing on the merits.

**Sample language for Mission Critical or Mission Essential Procurements:**

The below sample language is taken from previous override requests. Because of its Agency-wide significance, both the D&F and the HCA's request should recognize this justification when it applies.

Congress has declared its will in a Joint Resolution of 14 September 2001, Pub. L. No. 107-40, 115 Stat. 224 (2001), that all branches of Government take into account the existing, unusual, extraordinary, and continuing threat to national security and foreign policy. This acquisition falls within the scope of that declaration as directly supporting the effort of forces in the stability of the Iraqi Government. *See also Kropp Holdings v. United States*, 63 Fed. Cl. 537 (2005). An override is an extraordinary remedy, but is required here by extraordinary circumstances.

**HARM – DAMAGES**

If the Stay of performance continues, the adverse effect could be catastrophic. [Etc... discuss the costs and damages associated with the override.]

I have therefore determined, in accordance with FAR 33.104c(2)(ii), that contract performance should continue notwithstanding this protest Stay.

[**Attachments may include mission impact affidavits, or statements from technical representatives**].

[Signature of Contracting Officer].

[Signature/Endorsement of HCA].

[Note: in lieu of the HCA signing-endorsing the KO's D&F, it is acceptable for the HCA to sign a separate D&F with less protest details and, instead, a greater focus on the basis of the override and the harm caused if approval of the override is not granted].

## II. Legal Memorandum Document

The servicing legal office should provide its legal assessment of the protest and the basis for the override decision. IT SHOULD BE CLEARLY MARKED AS ATTORNEY CLIENT WORK PRODUCT. Ideally, it should address the following points:

- Procurement background
- Protest Merits/litigation risks
- Potential harm to the US
- Standard of Review –
- Cite to the Kropp case in situations of mission critical procurements.

## III. HCA Request for Approval Memorandum & Supporting Documentation

**sample> Request as a separate document from any D&F signed by the HCA**

MEMORANDUM FOR DEPUTY ASSISTANT SECRETARY OF THE ARMY (POLICY AND PROCUREMENT), ATTN: SAAL-ZP, 103 ARMY PENTAGON, WASHINGTON, DC 20310

SUBJECT: Request for Authority to Proceed in Face of Government Accountability Office (GAO) Protest.

I request approval of authority to proceed and continue performance of [contract number] while protest [B-number], filed by [protester] is resolved by the Government Accountability Office (GAO). My request is based upon a finding of urgent and compelling circumstances that significantly affect the interest of the United States, will not permit awaiting the decision of the GAO /or/ the Best Interests of the United States, /or both/.

A discussion of the protest and supporting rationale for the subject request to proceed is provided in the attached Determination and Findings at enclosure x. I fully adopt and endorse the contracting officer's determinations and findings as my own. [Also list or reference any supporting documents]. A copy of the GAO protest is also provided at enclosure x.

[Address legal coordination and any points of significant importance concerning the protest and the override basis. Give emphasis to significant harm to interests of the United States if the approval is not granted. If applicable, recognize impact to National Security / Defense (see *Kropp Holdings* statement above).]

The point of contact for this action is ... etc.

[Signature of the HCA]

## IV. Separate HCA D&F in addition to the HCA Request

In those situations where the HCA signs a separate D&F, (in addition to that of the contracting officer), the memo should briefly address the protest grounds and coordination with legal counsel/CAD. It should then focus on the bases of the override decision with special emphasis on the harm, (costs & damages), to the United States if approval is not granted. [Note the requirement for a specific finding of best interests]. Special emphasis should be placed on any mission critical or mission essential procurements, or other impact on National Defense / Security (e.g., see *Kropp Holdings* statement above).

[Signature of the HCA]

## V. Sample GAO Notice:

DEPARTMENT OF THE ARMY
UNITED STATES ARMY LEGAL SERVICES AGENCY
901 NORTH STUART STREET
ARLINGTON, VA 22203-1837
(703) 696-2801 DSN 426; Fax ext. 1535
E-mail : jayanth.jayaram@hqda.army.mil

REPLY TO ATTENTION OF

August 5, 2005

Contract Appeals Division

Procurement Law Group
Office of the General Counsel
U.S. General Accounting Office
441 G. Street, NW
Washington, D.C. 20548

Subject: Protest of [redacted]

Dear Sir or Miss:

This letter is to inform you that in accordance with 31 U.S.C. § 3553(d)(3)(C) and FAR 33.104(c)(3), the Deputy Assistant Secretary of the Army (Policy and Procurement) determined that based on both the urgent and compelling circumstances that significantly affect the interests of the United States, and the best interests of the United States, the Government will not permit waiting for the decision of the Comptroller General and has authorized the Contracting Officer to continue performance under Contract No [redacted]

If you have any questions regarding this matter, please contact MAJ Jayaram at (703) 696-2806, facsimile (703) 696-1535.

Sincerely,

Jayanth Jayaram
Major, U.S. Army
Trial Attorney

Copies Furnished:

Protester:
[redacted]

**AFARS Provision:**

**5133.104 -- Protests to GAO.**

(a) *General procedures.* The contracting officer must take the action required of the "agency" in FAR 33.104.

(4)(iii)

(1) Contracting offices must use the following reporting procedures, except that the PARC may require the report to be sent through the PARC's office:

(i) Contracting offices reporting to AMC must send the report directly to the addressee in 5101.290(b)(12).

(ii) Contracting offices reporting directly to the U.S. Army Corps of Engineers (USACE) must send the report directly to the following address: US Army Corps of Engineers, Attn: CECC-C, 441 G St., N.W., Washington, DC 20314-1000. [AFARS Revision #004, dated Jul 26, 2002]

(iii) All other Army contracting offices must send the report via courier or express mail service to the Office of The Chief Trial Attorney, Attn: DAJA-CA, 901 N. Stuart Street, Suite 500, Arlington, VA 22203-1837.

(iv) The report must be sent not later than 20 days after the GAO notifies the agency by telephone that a protest has been filed. If the GAO decides to use the express option and the contracting officer concludes that the report cannot be furnished in time, he/she must notify the appropriate office in (i)-(iii) at once so that it may request an extension from GAO.

(2) Before forwarding the report to the GAO Comptroller General, the addressees in (1)(i)-(iii) must review the report and recommend any changes required to ensure that the report is accurate, complete, and legally sufficient.

(b) *Protests before award.*

(1)

(A) When it is necessary to request authorization to award a contract notwithstanding a protest, the contracting officer must prepare a D&F to be signed by the HCA. The D&F must clearly explain the damage the United States will suffer if award is not authorized and the damages the United States will suffer if the award is made and the protest is sustained.. However, no award can be made or selection announced prior to approval by the

DASA(P), except for contracting offices reporting to AMC, when the approval may be granted by the Command Counsel, AMC. The contracting officer must also prepare a request for approval that identifies all protest issues and addresses the merits and expected resolution of the protest. Include details of any Congressional interest in the protest. After legal review, forward the request with the D&F to the HCA.

(B) Within three days after the contracting office is notified of the protest, the HCA will endorse the request for approval and electronically transmit the request and the D&F to the appropriate office in (a)(4)(i)(1)(i)-(iii). That office shall immediately distribute the request and the D&F to the addressee in 5101.290(b)(1) and to Department of the Army, Attn: SAGC, General Counsel, 104 Army Pentagon, Washington DC 20310-0104.

(c) *Protests after award.*

(2) Process the finding as required at (b), Protests before award. The D&F must explain the damage the United States will suffer if continuing performance is not authorized and the damages the United States will suffer if continuing performance is authorized and the protest is sustained. Continuing performance cannot be authorized prior to approval by the DASA(P), except for contracting offices reporting to AMC, when the approval may be granted by the Command Counsel, AMC. Process the request for approval as required in (b).

(g) *Notice to GAO*. Send the report to the addressee in 5101.290(b)(1) not later than 45 days after receipt of the recommendations.

## Case References & Links

### COFC Cases

***University Research Co. v. United States***,
65 Fed. Cl. 500 (2005)

***Kropp Holdings Inc. v. United States,***
63 Fed. Cl. 537 (2005)

***Keeton Corrections Inc., v. United States,***
*59 Fed. Cl. 753* (2004)

***Chapman Law Firm v. United States***,
62 Fed. Cl. 464 (2004)

***Citizens to Preserve Overton Park v. Volpe,***
401 U.S. 402, 415-17, 28 L. Ed. 2d 136, 91 S. Ct. 814 (1971).

***Altos Federal Group v. United States***,
60 Fed. Cl. 832 (2004)

***Spherix Inc., v. United States***,
62 Fed. Cl. 497 (2004)

***PGBA LLC v. United States***,
57 Fed. Cl. 658 (2003)

***Sierra Military Health Services v. United States***,
58 Fed. Cl. 573 (2003)

### COFC Review of Military Question

***Filtration Development Co, v. United States***,
59 Fed. Cl. 658 (2004)
63 Fed. Cl. (2005)

### Older Federal District Court Decisions:

***Majority View Cases* -- Urgent and Compelling:**

- ***DTH Management Group v. Kelso,***
844 F. Supp. (1993)

- ***Dairy Maid v. United States,***
837 F. Supp. 1370 (E.D. Va. 1993)

***Best Interest Cases:***

- ***Ingram Barge v. United States,***
34 Cont. Cas. Fed. (CCH 75,486 (D.D.C. 1988)

- ***Samson Tug & Barge Co. v. United States,***
695 F. Supp. 25 (D.D.C. 1988)

### *Other Cases:*

- ***Camps v. Pitts,***
411 U.S. 138, 142 (1973) (most important document in administrative record is the Determination and Findings)

***Balancing Hardship Cases –***

- ***DSE, Inc. v. United States,***
169 F. 3d 21 (1999);

- ***Matthews v. United States,***
526 F. Supp. 993 (1981)

### GAO

***GAO Rules***
http://www.gao.gov/decisions/bidpro/new.reg/regulation.htm

***GAO Bid Protest Cases -- Search***
http://www.gao.gov/decisions/bidpro